NASHUA SAV. BANK et al. v. BURLINGTON ELECTRIC LIGHT CO. et al.

(Circuit Court, S. D. Iowa, E. D. January 13, 1900.)

MORTGAGES—RIGHT OF BONDHOLDER TO FORECLOSE TRUST DEED.

Defendant corporation issued 130 bonds, secured by a trust deed, 30 of which it delivered to complainant in payment for property purchased. It subsequently refused to pay the interest on such 30 bonds, on the ground of fraud and misrepresentation in regard to the property, but continued to pay the interest on the remaining 100. The trustee refused to bring suit to foreclose the trust deed, to which a majority of the bondholders objected, and such suit was brought by complainant. *Held*, that it was necessary to determine the question of fraud alleged by defendant before it could be adjudged that defendant was guilty of any default which entitled complainant to a foreclosure, and that, the court having refused to permit defendant to plead a set-off based on such ground in the foreclosure suit, the decision of such suit would be withheld until complainant brought an action at law on its coupons, in which such question could be adjudicated.

This was a suit in equity by a bondholder to foreclose a trust deed given by defendant corporation to secure an issue of bonds of which complainant held a part.

E. S. Huston, for complainants.

Walsh Bros., for defendants.

SHIRAS, District Judge. In order to reach a proper understanding of the questions now presented for consideration, it may not be out of place to briefly state the facts in the case as they appear on the record, supplemented by the admissions of counsel. In the year 1892 the complainants herein were the owners of certain bonds issued by the Burlington Steam-Heating Company, upon which suit had been brought, a decree obtained upon which sales of the plant and property of the named company had been had, and C. W. Spalding, as trustee for complainants, had become the purchaser of the property at sheriff's sale, holding two certificates of sale as evidence of such purchase. In the month of July, 1892, C. W. Spalding, acting as trustee for complainants, acquired the legal title of the property covered by the certificates of sale, and by written agreement conveyed the same to the J. P. Calnan Construction Company, assigning to that company the certificates of sale held by him, and thereupon the Calnan Construction Company assigned the Spalding contract and the certificates of sale to the Burlington Electric Lighting Company, and the sheriff's deeds of the property were executed to that company. Thereupon the electric lighting company executed and delivered to complainants its 30 bonds, for $1,000 each, coming due in 1912, with annual interest payable according to the terms of the interest coupons thereto attached; these bonds being so executed and delivered to complainants in payment for the property conveyed by C. W. Spalding, trustee, through the Calnan Construction Company, to the electric lighting company. It also appears that the latter-named company issued its other negotiable bonds, 100 in number, for $1,000 each, with interest coupons attached, which are now owned by different parties, and, to secure the total issue of $130,000 of its bonds, the company, under date of September 1, 1892, executed a trust deed

upon its plant, property, and franchises to the New York Guaranty & Indemnity Company, as trustee, which trust deed was duly recorded. It further appears that the annual interest upon the bonds, other than the 30 bonds owned by complainants, has been paid, and no default exists thereon; that, upon the bonds owned by complainants, the interest coming due September 1, 1895, and ever since then, has not been paid or tendered; that it is claimed on behalf of the electric lighting company that in bringing about the sale of the property covered by the sheriff's certificates of sale hereinbefore referred to, and which forms the consideration for which the 30 bonds owned by complainants were issued to them by the electric lighting company, a fraud upon the company was practiced, in misrepresenting the actual condition of the boilers and mains owned by the Burlington Steam-Heating Company, which property was conveyed to the electric company, and which proved to be largely out of repair, and required a heavy expenditure of money and labor to put them into working condition, and for this reason the electric company refused to pay interest to complainants on the bonds held by them. It also appears that the complainants gave notice of the failure to pay the interest on their bonds to the trustee, and demanded that it take action for declaring the principal of the bonds to be due and to foreclose the trust deed; that the trustee, in reply, called complainants' attention to the question whether, under the terms of the trust deed, the trustee could maintain proceedings in foreclosure, and suggested that complainants should bring an action at law to obtain judgment for the interest in default; that thereupon the complainants, on April 2, 1897, filed the bill in this case, making defendants thereto the Burlington Electric Lighting Company, the Burlington Electric Railway Company, the Burlington Railway & Light Company, and the trustee in the mortgage, whose corporate name has been changed to the Guaranty Trust Company of New York. It appears that on November 27, 1897, the electric lighting company by deed conveyed its property covered by the trust deed to the Burlington Improvement Company, which, in turn, conveyed the property to the Burlington Railway & Light Company. To the bill thus filed a demurrer was interposed, and overruled, and thereupon the trustee filed its answer, setting up the provisions of the trust deed, and averring that, under the facts, the complainants could not maintain the present suit for foreclosure. The electric lighting company also answered the bill, and, among other matters, it set forth that there was a failure of consideration of the 30 bonds held by complainants, in that there had been false representations made with regard to the actual condition of the boilers and mains of the Burlington Steam-Heating Company, for the purchase price of which the bonds held by complainants were issued, it being averred that the damage resulting therefrom was the sum of $17,000, which it was prayed might be set off against any sum found due complainants. On behalf of complainants, exceptions were filed to the portions of the answer setting up the alleged failure of consideration, and, upon a hearing, the exceptions were sustained, upon the ground that the defendant had a plain and adequate remedy at law to recover the damages claimed. Thereupon the defendant

the Burlington Electric Lighting Company asked leave to file an amendment to its answer and a cross bill, in both of which were set forth the facts upon which that company claimed that it had a cause of action against complainants for the false representation claimed to have been made as an inducement to the purchase of the plant of the steam-heating company, and it sought to present this claim as a defense to the foreclosure proceedings. A hearing was had before Judge Woolson, on the application for leave to file the amendment to the answer and the cross bill, and the record contains his opinion in writing upon the matters submitted; it being therein held that the amendment to the answer presented the same allegations to which the exception had already been sustained, and that, as the issues tendered by the cross bill seemed to be almost exclusively, if not entirely, touching the entire issue of the bonds included in the trust deed, and as the holders of the majority of the bonds were not before the court, therefore leave should not be granted to file the cross bill. The opinion clearly recognizes the fact that the issue sought to be tendered by the proposed amendment and cross bill is one that in some form should be heard and decided, and, while it is not made plain, I construe the opinion as an intimation to counsel that the question of fraud in the sale of the heating plant should be heard and determined in a law action. On the 19th of October, 1899, an application was filed asking leave, on behalf of the Burlington Railway & Light Company, to file an amended and substituted answer, in which the charges of fraud in the sale of the heating plant are reiterated, and the damages alleged to have resulted therefrom are sought to be set off against the sums claimed to be due to complainants. Under date of October 20, 1899, an entry appears reciting that the case, having been fully heard, is submitted and taken under advisement; but this entry does not deal with the application for leave to file an amended answer, and, as counsel for complainants properly wish to reserve the right to put in further evidence in case leave is granted to file the amended answer, the entry above cited cannot be given force, as a rehearing must be had in the matter. The application is therefore now before the court, and it is strongly urged by complainants that it is nothing but a repetition of the leave asked from the court and refused by Judge Woolson, and that the judge now hearing the case should not rehear questions decided by him, but should only deal with the record as he left it.

It is a matter of regret that, owing to the untimely death of Judge Woolson, the case must be brought up for disposition before a judge who cannot have the benefit of the knowledge Judge Woolson had of the past history of the case, and who is compelled to seek out the view he had of the proper course to be pursued from a record which is not as clear as it ought to be, in order to enable the court to discern with certainty the course he intended to take in disposing of the issues involved.

The situation as it is now made to appear to the court is as follows: The complainants, being the owners of $30,000 out of a total of $130,000, of the bonds secured by the trust deed sought to be foreclosed, ask a decree of foreclosure on the ground that the interest

coming due on their bonds has not been paid since September 1, 1895. It appears that the interest on the $100,000 of bonds, owned by parties other than complainants, has been paid up, and that the earnings of the mortgaged property have been sufficient to pay the interest on complainants bonds also, but such payment has not been made, because the mortgagor claims that a valid set-off exists in its favor, growing out of misrepresentations made to induce the purchase of the heating plant, which formed the consideration for the 30 bonds owned by complainants. The majority of the bondholders in number and amount are opposed to a foreclosure of the trust deed, and the trustee therein named has not deemed it to be its duty to institute foreclosure proceedings. Thereupon the complainants have brought the present suit in equity, and the mortgagor, by answer and by cross bill, endeavored to present the question of its claim for damages, based upon the alleged misrepresentations in the sale of the heating plant. In its previous action, the court, speaking through Judge Woolson, while recognizing the right of the mortgagor to be heard in support of its claim to a set-off, has ruled that it could not be presented in the way attempted, to wit, by answer or by cross bill, but intimated that it would be a proper subject for an action at law. The defendants now ask to be permitted to raise the issue by an amended answer to the bill for foreclosure, and it is objected that the right so to do has already been refused by the court, and the record so shows.

On behalf of the defendants, it is contended that the complainants have not the right to ask a foreclosure of the trust deed against the wishes of the majority of the bondholders, when the facts show that the earnings of the property are sufficient to pay the yearly interest, and that the reason why the interest has not been paid to complainants is because the mortgagor has a set-off larger in amount than the overdue interest claimed by complainants. If it be true that there exists on behalf of the mortgagor a valid set-off, as claimed, it would seem clear that a court of equity would not grant a decree for the foreclosure of the trust deed against the protest of the majority of the bondholders, because such action would not be needed to protect the rights of the complainants. If there exists a valid set-off against the amount of the unpaid interest, that is a sufficient reason why the court should refuse to grant the decree of foreclosure. If such set-off does not in fact exist, then the defendants are in default, and it would be the duty of the court to require the interest to be paid, and, upon a failure to make prompt payment, the court would doubtless be able to grant a decree of foreclosure.

The proper disposition of this case, therefore, hinges upon the question of the existence of a valid set-off in favor of the mortgagor as against the debt due complainants, and evidenced by the bonds and coupons held by them. The mortgagor, from the beginning of the foreclosure proceedings, has sought to present the question of the set-off by way of answer and cross bill, but the court, speaking through Judge Woolson, has held that it is a question proper to be considered, but that it could not be presented to the court by answer or cross bill in the foreclosure proceedings. Under this position of

99 F.—2

the case, as it appears of record, I deem it my duty to follow the rulings made by Judge Woolson, and to refuse the application for leave to file the amended answer, because the answer seeks to present, in that way, the question of the set-off based upon the alleged misrepresentations in the sale of the Burlington heating plant, and which Judge Woolson refused leave to present in that form. The question, however, of the existence of a valid set-off is not disposed of by the refusal to grant leave to file the amended answer, and, as already stated, I cannot see how the court can justly deal with the rights of the parties until the question of set-off is heard and decided. The only method by which, under the rulings already made in this case, this question can be heard, is by the bringing of an action at law in such form that in it the matter of the set-off can be heard and be finally decided.

In the present condition of the case, I can see no better way to protect the rights of the parties, and to secure a prompt presentation and decision of the question, than to order that this case in foreclosure shall be stayed until further order of the court; that the complainants be directed to bring an action on the law side of this court to recover judgment for the amount of interest claimed to be due from the mortgagor. In this action the set-off claimed to exist can be pleaded, and thus the question of the existence of a valid set-off can be fully heard and determined, and the court, in equity, will then be advised of the rights of the parties, and be enabled to deal understandingly therewith. The order, therefore, will be that this case is stayed until further order of the court; that complainants bring an action on the law side of the court to recover the interest claimed to be due; that the defendants therein be required to answer in the action at law within 30 days from service of summons therein; and that the action be prepared for hearing at the next term of this court at Keokuk.